UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ICOS VISION SYSTEMS CORPORATION N.V.
and ICOS VISIONS SYSTEMS INC.,

    Plaintiffs,

-against-

SCANNER TECHNOLOGIES CORPORATION,

    Defendant.

---

Case No. '09 CIV 6920

RECEIVED AUG 05 2009 U.S.D.C. S.D.N.Y. CASHIERS

## DECLARATORY JUDGMENT COMPLAINT

Plaintiffs ICOS VISION SYSTEMS CORPORATION N.V. and ICOS VISIONS SYSTEMS INC. for their Complaint against defendant Scanner Technologies Corporation, allege as follows:

### THE PARTIES

1.    Plaintiffs ICOS VISION SYSTEMS CORPORATION N.V. and ICOS VISIONS SYSTEMS INC. (collectively, "ICOS") are Delaware corporations that have their principal place of business at 2701 San Thomas Expressway, Santa Clara, California 95050. ICOS is a division of KLA-TENCOR Corporation, a Delaware corporation with its principal place of business at 1 Technology Drive, Milpitas, California 95035.

2.    Upon information and belief, defendant Scanner Technologies Corporation ("Scanner") is a Minnesota corporation having its principal place of business at 14505 21st Avenue North, Minneapolis, Minnesota 55447.

3.    Upon information and belief, Scanner is the owner of record of U.S. Patent No. 7,570,798 (the "'798 Patent") entitled "Method of Manufacturing Ball Array Devices Using an Inspection Apparatus Having One or More Cameras and Ball Array Devices Produced

According to the Method," issued August 4, 2009, a copy of which is attached hereto as Exhibit A.

4. Upon information and belief, Scanner also is the owner of record of U.S. Patent No. 7,079,678 (the "'678 Patent") entitled "Electronic Component Products Made According to a Process that Includes a Method for Three Dimensional Inspection," issued July 18, 2006.

5. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 7,085,411 (the "'411 Patent") entitled "Method of Manufacturing Electronic Components Including a Method for Three Dimensional Inspection," issued August 1, 2006.

6. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 6,915,006 (the "'006 Patent") entitled "Method and Apparatus for Three Dimensional Inspection of Electronic Components," issued July 5, 2005.

7. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 6,915,007 (the "'007 Patent") entitled "Method and Apparatus for Three Dimensional Inspection of Electronic Components," issued July 5, 2005.

8. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 6,862,365 (the "'365 Patent") entitled "Method and Apparatus for Three Dimensional Inspection of Electronic Components," issued March 1, 2005.

9. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 6,072,898 (the "'898 Patent") entitled "Method and Apparatus for Three Dimensional Inspection of Electronic Components," issued June 6, 2000.

10. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 5,574,668 (the "'668 Patent") entitled "Apparatus and Method for Measuring Ball Grid Arrays," issued November 12, 1996.

11. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 5,173,796 (the "'796 Patent") entitled "Three Dimensional Scanning System," issued December 22, 1992.

12. Upon information and believe, Scanner is the owner of U.S. Patent No. 7,508,974 (the "'974 Patent"), entitled "Electronic Component Products and Method of Manufacturing Electronic Component Products," issued March 24, 2009.

13. The '798, '678, '411, '006, '007, '365, '898, '668, '796 and '974 Patents relate generally to the use of inspection equipment to inspect ball grid array devices.

14. The '798 patent issued from an application that was a continuation-in-part from an application that was a continuation of the application that issued as the '365 patent, which itself issued from an application that was a continuation-in-part from the application that issued as the '898 patent.

15. On or about March 10, 2009, Scanner provided ICOS with a covenant-not-to-sue on the '678, '411, '006, '007, '365, '898, '668, and '796 patents. ICOS has asked for a covenant-not-to-sue on patents that are continuations of these patents. However, Scanner has refused and continues to refuse to provide ICOS with the requested covenant-not-to-sue, including the '974 or '798 patents.

16. To the extent that the covenant-not-to-sue provided by Scanner to ICOS on March 10, 2009 does not extend to the later issued '974 patent, ICOS has a reasonable apprehension of suit for patent infringement by Scanner against ICOS.

17. In order for ICOS to obtain the benefit of the March 10, 2009 covenant-not-to-sue, ICOS must be permitted to practice the '974 patent to the same extent it practices the '678, '411, '006, '007, '365, '898, '668, and '796 patents.

18.     Prior to Scanner providing either ICOS with a covenant-not-to-sue, on or about June 19, 2008, the United States Court of Appeals for the Federal Circuit decided the case *Scanner Techs. Corp. v. ICOS Vision Sys. Corp., N.V.*, No. 00-Civ.-4992 (Fed. Cir. June 19, 2008), affirming the District Court's judgment that asserted claims of patents related to the '678, '411, '006, '007, '365, '898, '668, '796 and '974 Patents are invalid as obvious and not infringed by inspection equipment manufactured by ICOS Vision Systems Corp. ("ICOS"). The mandate of the Federal Circuit issued on September 19, 2008. This appeal was from a case brought by Scanner in this Court in 2000, *Scanner Techs. Corp. v. ICOS Vision Sys. Corp., N.V.*, No. 00-Civ.-4992 (S.D.N.Y.).

19.     On September 15, 2006, Scanner filed a lawsuit against NVIDIA in the United States District Court for the Eastern District of Texas alleging infringement of the '678 Patent and the '411 Patent through use of ICOS inspection equipment, *Scanner Techs. Corp. v. NVIDIA Corp.*, No. 06-Civ.-0205 (E.D. Tex.). In part, as a result of the rulings in the New York case between Scanner and ICOS, the case against NVIDIA in Texas was dismissed.

20.     ICOS has asserted a declaratory judgment action currently pending against Scanner in the Southern District of New York captioned *ICOS Vision Sys. Corp. N.V. v. Scanner Tech. Corp.*, No. 08-cv-8142 (S.D.N.Y.) (the "ICOS action") asserting that the claims of the '678, '411, '006, '007, '365, '898, '668, '796 and '974 Patents are invalid and not infringed by any device manufactured, offered for sale, sold, imported, made, or used by ICOS.

21.     NVIDIA has asserted a declaratory judgment action against Scanner in the Southern District of New York captioned *NVIDIA Corp. N.V. v. Scanner Tech. Corp.*, No. 08-cv-8102 (S.D.N.Y.) (the "NVIDIA action") asserting that the claims of the '678, '411, '006, '007,

'365, '898, '668, '796 and '974 Patents are invalid and not infringed by any device manufactured, offered for sale, sold, imported, made, or used by NVIDIA.

22. In addition to the discussions referenced above, Scanner has sued other ICOS customers, including NVIDIA Corporation, and has stated an intention to enforce its patents against other ICOS customers in the future.

23. This action is related to the currently pending ICOS and NVIDIA actions.

## JURISDICTION AND VENUE

24. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, relating to the infringement of the '798 Patent. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 and under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, in particular, 35 U.S.C. §§ 101 et seq. and 271 et seq.

25. There is an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 because Scanner previously filed a lawsuit alleging infringement of the '678 and '411 Patents by NVIDIA. *See Scanner Techs. Corp. v. NVIDIA Corp.*, No. 06-Civ.-0205 (E.D. Tex.) (asserting the '678 and '411 patents). Furthermore, despite requests for an agreement that Scanner will not assert any other patents in its portfolio against NVIDIA, Scanner has refused to grant such a request and has expressly removed any language for any of such patents in all discussions with Scanner. Such refusal extends to the '798 Patent.

26. The litigation history between Scanner, ICOS, NVIDIA, and other ICOS customers involving alleged infringement of Scanner's patents by ICOS inspection equipment further creates an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201

-5-

and 2202, because ICOS has been directly accused of infringement by Scanner, and because NVIDIA is a customer of ICOS inspection equipment.

27. Venue is proper in this district court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

28. This Court has personal jurisdiction over Scanner because Scanner has committed acts within this judicial district giving rise to this action and has established minimum contacts with the forum such that the exercise of jurisdiction over Scanner would not offend traditional notions of fair play and substantial justice.

## COUNT 1

## DECLARATORY JUDGMENT FOR NO INFRINGEMENT OF THE '798 PATENT

29. ICOS repeat and reallege the allegations of paragraphs 1-28 as if set forth herein.

30. ICOS has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '798 Patent.

31. ICOS has not and is not now inducing or contributing to the infringement of any claim of the '798 Patent by others either directly or indirectly, or literally or by application of the doctrine of equivalents.

## COUNT 2

## DECLARATORY JUDGMENT FOR INVALIDITY OF THE '798 PATENT

32. ICOS repeat and reallege the allegations of paragraphs 1-31 as if set forth herein.

33. Each claim of the '798 Patent is invalid because the patent and the alleged invention therein fails to comply with the requirements of 35 U.S.C. §§ 101 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## DEMAND FOR JUDGMENT

WHEREFORE ICOS respectfully requests that this Court enter the following relief:

1. A declaratory judgment that ICOS is not liable for infringement of the '798 Patent;

2. A declaratory judgment that the claims of the '798 Patent are invalid;

3. A declaration that this case is exceptional under 35 U.S.C. § 285;

4. A judgment in favor of ICOS for its attorneys' fees, costs and expenses in this action; and

5. A judgment in favor of ICOS for such further, necessary and proper relief as this Court may deem just and proper.

## JURY DEMAND

ICOS demands a trial by jury of any issues triable of right by a jury.

Dated: New York, New York
August 5, 2009

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____

Paul R. Gupta
Clifford R. Michel
666 Fifth Avenue
New York, New York 10103
(212) 506-5053

Attorneys for Plaintiffs

OF COUNSEL:
I. Neel Chatterjee
Monte Cooper
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
(650) 614-7400